(Lucas County Court of Common Pleas.)

THE CITY OF TOLEDO, for the use of Frank Gates, v. SAMUEI KOHN and LUCY B. KOHN.

*Sewer Assessment.*

In an action brought by the contractor upon a local sewer assessment, it is not a defense thereto that the surface of defendants' lot (on which there is a pond of water,) is six feet below the sewer.

Stephen Brophy, for plaintiff, cited 10 O. S. 160; 26 O. S. 49; 6 American Law Record, 285.

Samuel Kohn, for defendants, cited 33 Kansas 156.

The contractor, Frank Gates, commenced an action in the name of the city of Toledo for his use against the defendants, to recover upon an assessment for the construction of a local sewer in Fifth street, from Starr avenue to Cherry street. The petition set forth the usual averments in a petition of that character, and that at the time of the making of the assessment, the defendants then were and still are the owners of the lot of land described in the petition, and prayed for a personal judgment against the defendants, with interest and penalty, and a decree for the sale of the lot. The defendants' answer denied that their lot was benefited, or that there was anything due, or that any lien had been acquired, but admitted the other averments of the petition, and further set up the same defense set up in the foregoing five cases, to-wit: the fifteen inch hard tile pipe sewer in Fifth street, and that defendants' lot was drained by flowage over the adjoining lot into the pipe sewer in Fifth street.

Substantially the same agreed statement of facts filed in the foregoing five cases was filed in this case, and it was further agreed that the surface of the lot was six feet below the level of the sewer, and if the lot was filled up six feet it could then be drained into the sewer.

Judge Harmon held the same as Judge Lemmon in the foregoing five cases, that the tile pipe sewer was not a defense to the assessment, nor did the fact that the level of their lot was below the sewer constitute a defense thereto; that defendants could not set up as a defense to the assessment their own violation of the police regulations of the city against maintaining ponds of stagnant water upon their land, and that it was their duty to fill up their lot and abate the nuisance; and the court therefore rendered a personal judgment against the defendants for the full amount of the assessment, including penalty and interest, and also a decree for the sale of the lot.